# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Barrette Outdoor Living, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Action Fence Company, LLC, DOES 1-10, <br><br> Defendants. | Civil Action No.: 4:18-cv-02545-MGL <br><br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff Barrette Outdoor Living, Inc. ("BOL" or "Plaintiff"), by and through its attorneys, complains against Defendant, Action Fence Company, LLC ("AFC" or "Defendant"), and alleges as follows:

## NATURE OF THE SUIT

1.      This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

4.      Upon information and belief, Defendant is an entity organized and existing pursuant to the laws of the State of South Carolina and/or is actively engaged in promoting, advertising, marketing, purveying, importing, and offering for sale its goods and/or otherwise doing business within this District. Defendant has sufficient contacts within this District to confer personal jurisdiction to this Court. Upon information and belief, Defendant also

maintains it principal place of business in this District and has engaged in infringing and wrongful conduct in this District which gives rise to the claims asserted in this action.

## THE PARTIES

5. Barrette Outdoor Living, Inc. is a corporation organized under the laws of the state of Ohio with its principal place of business at 7830 Freeway Circle, Middleburg Heights, Ohio 44130.

6. Upon information and belief, Action Fence Company, LLC is a corporation organized under the laws of the state of South Carolina with its principal place of business 2507 Forestbrook Rd., Myrtle Beach, South Carolina 29588.

7. The true names and capacities of Defendant Does 1 through 10 are presently unknown to BOL, which therefore sues said Defendants by their fictitious names. BOL is informed and believes each of the fictitiously named Defendants is responsible in some capacity for matters alleged herein. BOL will amend the within Complaint to state the true names and capacities of Defendant Does 1 through 10 when they are ascertained.

## BACKGROUND

8. BOL is the sole owner of the federally registered copyright entitled "Swing" with an effective date of registration of May 17, 2018 and the accompanying Registration Number VA 2-103-146. A copy of the "Swing" photograph and registration certification for VA 2-103-146 are included herewith as Exhibit 1.

9. BOL is the sole owner of the copyright for the photograph entitled "Juniper Haven", which is the subject of a pending application filed in the United States Copyright Office on May 17, 2018 and assigned case number 1-6592539361. A copy of the "Juniper Haven" photograph and corresponding copyright application are included herewith as Exhibit 2.

10. BOL is the sole owner of the copyright for the photograph entitled "Dogwood

Haven", which is the subject of a pending application filed in the United States Copyright Office on May 17, 2018 and assigned case number 1-6592539557. A copy of the "Dogwood Haven" photograph and corresponding copyright application are included herewith as Exhibit 3.

11.     BOL is the sole owner of the copyright for the photograph entitled "White Fence", which is the subject of a pending application filed in the United States Copyright Office on May 17, 2018 and assigned case number 1-6592539746. A copy of the "White Fence" photograph and corresponding copyright application are included herewith as Exhibit 4.

12.     BOL is the sole owner of the copyright for the photograph entitled "Circular Pool", which is the subject of a pending application filed in the United States Copyright Office on May 17, 2018 and assigned case number 1-6592540030. A copy of the "Circular Pool" photograph and corresponding copyright application are included herewith as Exhibit 5.

13.     BOL is the sole owner of the copyright for the photograph entitled "Gold Fin Aluminum", which is the subject of a pending application filed in the United States Copyright Office on May 18, 2018 and assigned case number 1-6596602048. A copy of the "Gold Fin Aluminum" photograph and corresponding copyright application are included herewith as Exhibit 6.

14.     BOL is the sole owner of the copyright for the photograph entitled "Haven Arrowwood", which is the subject of a pending application filed in the United States Copyright Office on May 18, 2018 and assigned case number 1-6596706301. A copy of the "Haven Arrowwood" photograph and corresponding copyright application are included herewith as Exhibit 7.

15.     BOL is the sole owner of the copyright for the photograph entitled "Backyard Pool Banner", which is the subject of a pending application filed in the United States Copyright

Office on May 18, 2018 and assigned case number 1-6596706455. A copy of the "Backyard Pool Banner" photograph and corresponding copyright application are included herewith as Exhibit 8.

16. BOL is the sole owner of the copyright for the photograph entitled "Backyard Pool Panoramic", which is the subject of a pending application filed in the United States Copyright Office on May 18, 2018 and assigned case number 1-6596706763. A copy of the "Backyard Pool Panoramic" photograph and corresponding copyright application are included herewith as Exhibit 9.

17. BOL is the sole owner of the copyright for the photograph entitled "Soccer Panoramic", which is the subject of a pending application filed in the United States Copyright Office on May 18, 2018 and assigned case number 1-6596707196. A copy of the "Soccer Panoramic" photograph and corresponding copyright application are included herewith as Exhibit 10.

18. BOL is the sole owner of the copyright for the photograph entitled "Backyard Panoramic", which is the subject of a pending application filed in the United States Copyright Office on May 18, 2018 and assigned case number 1-6596763289. A copy of the "Backyard Panoramic" photograph and corresponding copyright application are included herewith as Exhibit 11.

19. BOL is the sole owner of the copyright for the photograph entitled "Swing Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788728129. A copy of the "Swing Derivative" photograph and corresponding copyright application are included herewith as Exhibit 12.

20. BOL is the sole owner of the copyright for the photograph entitled "Juniper

Haven Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788727996. A copy of the "Juniper Haven Derivative" photograph and corresponding copyright application are included herewith as Exhibit 13.

21. BOL is the sole owner of the copyright for the photograph entitled "Dogwood Haven Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788789302. A copy of the "Dogwood Haven Derivative" photograph and corresponding copyright application are included herewith as Exhibit 14.

22. BOL is the sole owner of the copyright for the photograph entitled "White Fence Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788789349. A copy of the "White Fence Derivative" photograph and corresponding copyright application are included herewith as Exhibit 15.

23. BOL is the sole owner of the copyright for the photograph entitled "Gold Fin Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788789396. A copy of the "Gold Fin Derivative" photograph and corresponding copyright application are included herewith as Exhibit 16.

24. BOL is the sole owner of the copyright for the photograph entitled "Haven Arrowwood Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788789443. A copy of the "Haven Arrowwood Derivative" photograph and corresponding copyright application are included herewith as Exhibit 17.

25. BOL is the sole owner of the copyright for the photograph entitled "Backyard Pool Banner Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6751873000. A copy of the "Backyard Pool Banner Derivative" photograph and corresponding copyright application are included herewith as Exhibit 18.

26. BOL is the sole owner of the copyright for the photograph entitled "Soccer Panoramic Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788789396. A copy of the "Soccer Panoramic Derivative" photograph and corresponding copyright application are included herewith as Exhibit 19.

27. BOL is the sole owner of the copyright for the photograph entitled "Homepage Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788723092. A copy of the "Homepage Derivative" photograph and corresponding copyright application are included herewith as Exhibit 20.

28. BOL is the sole owner of the copyright for the photograph entitled "Three Step Derivative", which is the subject of a pending application filed in the United States Copyright Office on July 21, 2018 and assigned case number 1-6788723172. A copy of the "Three Step Derivative" photograph and corresponding copyright application are included herewith as Exhibit 21.

29. Plaintiff has been incorporating the subject photographs in various advertising and marketing for its fencing and related fencing accessories. BOL's protected work has been available to and accessible by Defendants because BOL's protected works have been publically displayed in BOL's advertising and marketing, for example, on BOL's website.

30.     Defendants have produced, reproduced, prepared derivative works based upon, distributed and publicly displayed BOL's protected work or derivatives of BOL's protected work without BOL's consent and, as such, Defendants' acts have violated BOL's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including BOL's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works and to publically display its works.

31.     Defendants are in direct competition with Plaintiff and offer for sale similar products including fence and fence accessories.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 106,** *et seq.*

32.     Paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.     Through their conduct alleged herein, Defendants have infringed Plaintiff's copyrighted works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

34.     Upon information and belief, Action Fence Company, LLC conducts business in South Carolina under the name "Action Fence Company of Myrtle Beach" and owns, operate and/or control the content of the website: https://www.myrtlebeachactionfence.com.

35.     Upon information and belief, Action Fence Company, LLC conducts business in North Carolina under the name "Action Fence Company of Raleigh" and owns, operate and/or control the content of the website: https://www.raleighbeachactionfence.com.

36.     An example of Defendants' infringement is best illustrated by way of comparison of BOL's above noted federally copyrighted "Swing" photo and (a) BOL's "Swing Derivative" (Subject of U.S. Copyright Application case number 1-6788728129 entitled "Swing Derivative") and the excerpts from Defendants' website as referenced below in samples (b) and (c).



© 2018 Barrette Outdoor Living

a)   Barrette Outdoor Living, Inc. (ActiveYards) - https://www.activeyards.com/FAQ
"Swing Derivative"



b)   Action Fence Company - https://raleighactionfence.com/vinyl.html



c)   Defendant Action Fence Company https://www.myrtlebeachactionfence.com/vinyl.html

8



37. Upon information and belief, Defendants own, operate and/or control the content of the websites upon which Defendants have produced, reproduced, prepared derivative works based upon, distributed and publicly displayed BOL's protected work, derivatives of BOL's protected work, and/or images that are copied from and substantially similar to BOL's protected work and/or images that include or exhibit copying, by Defendants, of the constituent elements of BOL's protected work that are original, without BOL's consent or permission.

38. Additional evidence of Defendants' copyright infringement is shown via a side by side comparison of BOL's photographs and derivative works and excerpts of Defendants' website in Exhibit 22.

39. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights in the subject works.

40. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to damages in an amount to be proven at trial.

41. Plaintiff is also entitled to Defendants' profits attributable to the infringement, as well as statutory damages pursuant to 17 U.S.C. § 504.

42. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

43. As a direct and proximate result of Defendants' forgoing acts and conduct,

Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the copyrighted works. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

44.     Paragraphs 1 through 43 are re-alleged and incorporated by reference herein.

45.     The foregoing acts of Defendants permit Defendants to use and benefit from the goodwill and reputation earned by Plaintiff and to obtain a ready customer acceptance of Defendants' Infringing Products, and constitute unfair competition, palming off, and misappropriation in violation of South Carolina common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

46.     Defendants have copied a substantial portion of Plaintiff's advertising, e.g., portions of Plaintiff's website, including the copyrighted material appearing thereon. Defendants' unauthorized copying and use of Plaintiff's advertising is likely to cause confusion, mistake, or deceive customers as to an affiliation, connection or association of Defendants with Plaintiff, or alternatively, as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Plaintiff.

47.     Defendants' unauthorized copying and use of Plaintiff's advertising misrepresents the nature, characteristics, qualities or geographic origin of Defendants' goods, e.g., for example, by suggesting that Defendants' goods, services or commercial activities originate from, are sponsored by, or approved by Plaintiff.

48.     Defendants have made and will continue to make substantial profits and gains to

10

which it is not in law or equity entitled.

49.     Defendants intend to continue their infringing acts, unless restrained by this Court.

50.     Defendants' acts have damaged and will continue to damage Plaintiff.

51.     Plaintiff has no adequate remedy at law.

52.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That Defendants' products and materials that infringe Plaintiff's copyright, as well as any other articles, advertisements and webpages that contain/embody Plaintiff's original work, be impounded pursuant to 17 U.S.C. §§ 503(a).

2.      That Defendants' products and materials that infringe Plaintiff's copyright, as well as any other articles, advertisements and webpages that contain/embody Plaintiff's original work, be destroyed pursuant to 17 U.S.C. §§ 503(b).

3.      That Defendants be required to provide a full accounting to Plaintiff for all profits derived from their use of Plaintiff's copyrighted material and their production, reproduction, and preparation of derivative works based on, distribution and display of the unauthorized use of Plaintiff's copyrighted works in all media, from all sources, worldwide.

4.      That Defendants be ordered to pay Plaintiff all damages, including future damages, Plaintiff has sustained or will sustain as a result of the acts complained of herein, and that Plaintiff be awarded profits derived by Defendants as a result of said acts, or as determined by said accounting.

5. That Defendants be ordered to pay Plaintiff punitive damages as a result of Defendants' deliberate and willful misconduct.

6. That Defendants be ordered to pay Plaintiff pre and post judgement interest on all applicable damages.

7. That Defendants be permanently enjoined from all other infringement of Plaintiff's copyrights.

8. That Defendants be ordered to pay Plaintiff statutory damages pursuant 17 U.S.C. §§ 504.

9. A preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assignees, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright(s).

10. Such other relief as the Court may deem equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

September 17, 2018                                        Respectfully submitted,

                                                    *s/ Jason A. Pittman*
Tim F. Williams (Fed. Id. 6276)
Jason A. Pittman (Fed Id. 10270)
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
(864) 271-1592
(864) 233-7342 (facsimile)
timw@dority-manning.com
jpittman@dority-manning.com
*Attorneys for Plaintiff*